TOLBERT v. STATE.   (No. 9593.)

(Court of Criminal Appeals of Texas.   Dec. 9, 1925.   Rehearing Denied Jan. 27, 1926.)

Intoxicating liquors ⬷236(19)—Evidence held sufficient to sustain conviction for unlawful possession of equipment for manufacture.

Evidence that there was found in defendant's house a still and appurtenances and mash in condition to manufacture intoxicating liquor and whisky, and contents of still were warm, and still appeared to have been in recent operation, held sufficient to sustain conviction for unlawful possession of equipment for manufacture of intoxicating liquor.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Lon Tolbert was convicted of unlawful possession of equipment for manufacture of intoxicating liquor, and he appeals. Affirmed.

Bumpass & Wade, of Terrell, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J.   The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence shows without controversy that there were found in the appellant's house a still and appurtenances and mash in a condition to manufacture intoxicating liquor. There was also found some whisky. At the time the contents of the still was warm and bore the appearance of having been in operation upon the arrival of the officers. When the officers appeared, appellant was at his barn. He fled, but was finally overtaken. In his house, the articles mentioned were found. Another negro by the name of Davis was present in the house, and was handling the still.

The case was submitted to the jury upon the law of circumstantial evidence. There were other counts in the indictment. Various special charges were presented and refused, also exceptions to the court's charge. Appellant presented no testimony save of his good reputation.

The evidence is deemed sufficient to support the verdict. We have been favored with no brief. Our examination of the charge of the court, the exceptions thereto, and the special charges requested, leaves us of the opinion that the issues were adequately and properly submitted to the jury in the court's charge. A discussion of the requested charges and the exceptions in detail is not deemed necessary. Suffice it to say that in none of them have we perceived any error of the court which would require a new trial or a reversal of the judgment.

It is therefore affirmed.

On Motion for Rehearing.

LATTIMORE, J.   Appellant renews his complaint substantially as presented upon original hearing, and in response thereto we have again examined the special charges which were refused by the court, and have been confirmed in our conclusion that the action of the learned trial judge was correct. The evidence showing that a still was in operation at the time appellant's place was raided by the officers, we are not able to appreciate appellant's complaint directed at the charge for its failure to submit to the jury

the proposition that, before he could be convicted for the possession of equipment, the proof must show him in possession of such equipment as was capable of manufacturing intoxicating liquor in its then condition. The evidence in this case amply supported the conclusion, and the charge of the court properly submitted the issue of principals.

The motion for rehearing will be overruled.